UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| VICTOR HUGO QUINTANA CHAGOLLA,<br><br>Petitioner,<br><br>v.<br><br>JOHN MATTOS, *et al.*,<br><br>Respondents. | Case No. 2:25-cv-02435-MMD-EJY<br><br>ORDER |

## I.  SUMMARY

Petitioner Victor Hugo Quintana Chagolla, immigration detainee, filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1-1 ("Petition").) The Court screened the Petition, appointed counsel for Quintana Chagolla, and set a briefing schedule. (ECF Nos. 3, 9.) Respondents filed a response (ECF No. 13) and Petitioner replied (ECF No. 17.) The Court ordered Respondents to produce a contemporaneous record of Quintana Chagolla's initial bond hearing (ECF No. 19) which Respondents filed (ECF No. 23 ("Recordings")). On February 24, 2026, the Court held a hearing. (ECF Nos. 20, 24 ("Hearing").) As the Court indicated at the Hearing, the Court grants Petitioner relief on Ground One of the Petition.

## II.  RELEVANT BACKGROUND

Quintana Chagolla is a citizen of Mexico who has lawfully entered the United States since October 2023 subject to NAFTA nonimmigration status for professional workers. (ECF No. 17 at 2.) In September of 2024, Quintana Chagolla was convicted following a guilty plea for luring or attempting to lure a person believed to be a child. (*Id.*) He pled guilty and received a stipulated sentence of maximum of five years of probation with a suspended sentence of four to ten years in custody. (*Id.*) Quintana Chagolla

overstayed his lawful entry period in order to comply with his probation. (*Id.* at 3, 7.)

Quintana Chagolla was detained by Immigration and Customs Enforcement ("ICE") at a parole and probation appointment on April 2, 2025. (*Id.* at 3.) On May 13, 2025, Quintana Chagolla had a hearing before the Immigration Judge ("IJ"). (ECF Nos. 17 at 3, 23 ("Immigration Hearing").) On that date, the IJ presided over both a bond hearing ("Bond Hearing") and a merits hearing on his removal proceedings ("Merits Hearing"). (ECF No. 23.) Quintana Chagolla retained counsel and his attorney entered a notice of appearance prior to the Immigration Hearing. (ECF Nos. 1-1 at 3, 17 at 2.)[1] His counsel did not appear at the Immigration Hearing. (*Id.*) The IJ proceeded with the Bond Hearing without acknowledging the absence of Quintana Chagolla's attorney. (ECF No. 23.) The IJ denied bond, finding Quintana Chagolla to be a danger to the community. (ECF Nos. 1-1 at 2-3, 13-4 at 1.) Quintana Chagolla reserved his right to appeal and but his appeal was allegedly rejected due to a filing error. (ECF Nos. 13-4 at 2, 17 at 8.) Quintana Chagolla was ordered removed on September 12, 2025. (ECF No. 17 at 4.) He appealed the removal order to the Board of Immigration Appeals ("BIA") where it remains pending. (*Id.*)

Quintana Chagolla challenges his continued detention, asserting four grounds. (ECF No. 1-1.) The Court grants relief on Ground One and declines to address the remaining grounds.

///

///

---

[1] In their briefing, Respondents acknowledge and do not contravene Petitioner's factual allegation that Quintana Chagolla's attorney had already entered a notice of appearance before the Bond Hearing. (ECF No. 13 at 3-4 (citing ECF No. 1-1 at 3).) Moreover, Respondents expressly conceded this factual account at the Hearing and confirmed that upon consulting with the agency, the filed Recordings (ECF No. 23) are the only information from the Bond Hearing. Therefore, the Court adopts Petitioner's uncontested fact that his attorney already filed a notice of appearance before the Bond Hearing.

## III. DISCUSSION

Habeas corpus "is an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The Constitution guarantees that a writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner who demonstrates they are in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

In Ground One, Petitioner argues his Bond Hearing violated the Due Process Clause of the Fifth Amendment. (ECF No. 1-1 at 3.) The Fifth Amendment of the Constitution prohibits the government from "depriv[ing]" any "person ... of ... liberty ... without due process of law." U.S. Const. amend. V. This Due Process Clause protects all persons, including noncitizens facing deportation proceedings. *See Hussain v. Rosen*, 985 F.3d 634, 642 (9th Cir. 2021) (citing *Reno v. Flores*, 507 U.S. 292, 306 (1993)). Civil immigration detention constitutes a deprivation of liberty. *See Zadvydas*, 533 U.S. at 690. Due process requires that individuals facing a deprivation receive certain procedural protections. *See Mathews v. Eldridge*, 424 U.S. 319, 334 (1976).

Quintana Chagolla recounts that despite retaining counsel before the Bond Hearing, the IJ proceeded without counsel present. (ECF Nos. 1-1 at 3, 17 at 2.) Immigration detainees do not have a constitutional right to government-appointed counsel in removal proceedings, but they do have statutory right to have their own counsel "at no expense to the Government." 8 U.S.C. § 1362; *see Castro–Nuno v. INS,* 577 F.2d 577, 578 (9th Cir.1978). An IJ's denial of an immigration respondent's access to his counsel may violate due process. *See Rios-Berrios v. INS*, 776 F.2d 859, 862 (9th Cir.1985). "When an immigrant has engaged counsel and the IJ

is aware of the representation, if counsel fails to appear, the IJ must take reasonable steps to ensure that the immigrant's statutory right to counsel is honored." *Hernandez-Gil v. Gonzales*, 476 F.3d 803, 808 (9th Cir. 2007) (concluding petitioner was denied his statutory right to counsel). To lawfully proceed without counsel, an IJ must obtain "knowing and voluntary waiver of the right to counsel." *Tawadrus v. Ashcroft*, 364 F.3d 1099, 1103 (9th Cir. 2004). This requires the IJ to "(1) inquire specifically as to whether petitioner wishes to continue without a lawyer… and (2) receive a knowing and voluntary affirmative response." *Id.* (citations omitted).

Here, Quintana Chagolla obtained his own counsel for his immigration proceedings. (ECF Nos. 1-1 at 3, 17 at 2.) His attorney entered a notice of appearance before the Bond Hearing. (*Id.*) Therefore, the IJ was at least constructively "aware of the representation" before the Bond Hearing. *Hernandez-Gil*, 476 F.3d at 808. Despite appearing with no attorney, the IJ made no affirmative inquiry to receive knowing and voluntary waiver of Quintana Chagolla's affirmative right to counsel. Moreover, it's clear from the Recordings that the IJ already knew Quintana Chagolla was seeking counsel before the Immigration Hearing. (ECF No. 23.) In fact, the IJ granted a continuance at the Merits Hearing on the same day upon confirming that Quintana Chagolla's retained counsel needed another week. (*Id.*) Additionally, after the IJ decided to deny bond, Quintana Chagolla affirmatively informed the IJ that an attorney already agreed to take his case. (*Id*.) Still the IJ proceeded with her ruling without any further inquiry. (*Id.*) The IJ "neither reminded ["Quintanna Chagolla"] of his right to representation, nor inquired whether he wished a continuance to locate his counsel. . .." *Castro-Nuno*, 577 F.2d at 579. "[I]n light of the entire administrative record," the Court finds the IJ abused her discretion by failing to obtain waiver, effectively denying Quintana Chagolla his statutory right to retained counsel. *See Tawadrus*, 364 F.3d at 1103 (quoting *Castro–O'Ryan v. INS,* 847 F.2d 1307, 1312 (9th Cir.1988)).

4

In the Ninth Circuit, a showing of prejudice is not required when an immigration respondent demonstrates his statutory right to representation has been violated. *See Montes-Lopez v. Holder*, 694 F.3d 1085, 1093–94 (9th Cir. 2012). Still, the record merits noting that Petitioner was in fact prejudiced by this violation. For example, the IJ seemingly relied her finding on a different crime than the one Petitioner was actually convicted of. (ECF No. 17 at 17 n.10 (citing ECF No. 13 at 3).) The I-213 Form which the IJ relied on at the Bond Hearing states that Quintana Chagolla was sentenced to a maximum of ten years in custody. (ECF No. 13-2 at 4.) But as Petitioner explains in his counseled reply brief, the government agreed to suspend his sentence and instead impose only five years of probation. (ECF No. 17 at 2.) The plea agreement also gave Quintana Chagolla the opportunity upon completing probation to change his plea to a misdemeanor. (*Id.* at 3.) Overall, Petitioner's counseled reply demonstrates the detailed, fact-intensive argument as to why Petitioner is not a danger to the community. (ECF No. 17.) From the Recordings, it is clear Petitioner was unable to articulate the relevant factors under the precedential BIA decision or produce pertinent evidence while appearing *pro se* at his Bond Hearing. (*Id.* at 5 (citing *Matter of Guerra*, 24 I&N Dec. 37 (BIA 2006)).)

The Petition requests as a remedy either release from custody or in the alternative, a "prompt, constitutionally adequate bond hearing." (ECF No. 1-1 at 1.) At the Hearing, Petitioner argued that the violation of his statutory right to counsel merits release. The Court agrees. A district court has equitable discretion, "as law and justice require" for remedying unlawful detention in habeas petitions. *Brown v. Davenport*, 596 U.S. 118, 127-28 (2022). Release from detention is the "typical remedy" for "unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). Despite this, courts have often remedied violations of this statutory right to counsel by ordering a new bond hearing. *See e.g. Castro-Nuno v. Immigr. & Naturalization Serv.*, 577 F.2d 577, 579 (9th Cir. 1978); *Colindres-Aguilar v. I.N.S.*, 819 F.2d 259, 262 (9th Cir. 1987). However, the Court here

finds that "a bond determination by a DHS officer or an immigration judge would not remedy the core constitutional violation at issue here." *Rodriguez-Acurio v. Almodovar*, No. 2:25-CV-6065 (NJC), 2025 WL 3314420, at *32 (E.D.N.Y. Nov. 28, 2025). In reaching this conclusion, the Court considers both the prejudicial nature of the violation discussed above as well as the resulting prolonged detention. Petitioner has been detained for nearly ten months since his unconstitutional Bond Hearing. (ECF No. 1-1 at 2.) Merely ordering a new bond hearing would not remedy the significant harm here. *See Rodriguez-Acurio,* 2025 WL 3314420, at *32 (citing *Munaf*, 553 U.S. at 693). Therefore, the Court orders Petitioner's release.[2]

### IV.  CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Petition. In particular, because the Court grants Petitioner's requested relief on Ground One, it does not address the arguments regarding the remaining grounds as they would not impact the outcome of the case.

It is therefore ordered that Quintana Chagolla's Petition (ECF No. 1-1) is granted. Respondents must immediately release Quintana Chagolla no later than 5:00 PM on Thursday, February 26, 2026, subject to reasonable terms of supervision. *See* 8 U.S.C.

---

[2] In response to Quintana Chagolla's argument that his continuing detention violates the Administrative Procedure Act, an argument the Court does not reach here, Respondents argue Petitioner failed to exhaust his administrative remedies. (ECF No. 13 at 8-9.) In habeas claims, exhaustion is prudential rather than jurisdictional. *See Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). Therefore, "a court may waive the prudential exhaustion requirement if… irreparable injury will result. . .." *Id.* (citation and quotation marks omitted). The Court agrees with Quintana Chagolla that failure to consider his bond appeal would result in the irreparable harm of his continued unlawful detention. (ECF No. 17 at 8) Unlawful detention "constitutes extreme or very serious damage, and that damage is not compensable in damages." *Hernandez v. Sessions*, 872 F.3d at 999. Accordingly, to the extent it is required, the Court waives the exhaustion requirement.

§§ 1231(a)(6), (a)(3). Determining reasonable terms of supervision shall not in any way impede the immediate release of Quintana Chagolla.

It is further ordered that the parties shall file a joint status report by Friday, February 27, 2026 confirming Respondents' compliance with this Order.

The Clerk of Court is kindly directed to serve a courtesy copy of this Order to Chief of Warden John Mattos at the Nevada Southern Detention Center as well as the Office of the United States Attorney for the District of Nevada.

The Clerk of Court is further directed to grant judgement in favor of Petitioner Quintana Chagolla and close the case accordingly.

DATED THIS 25th Day of February, 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE